1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RON MICHAEL WERTH,

11             Petitioner,                      No. CIV S-06-2514 MCE DAD P

12        vs.

13   JAMES YATES, Warden, et al.,

14             Respondents.              ORDER

15   _____/

16             Petitioner, a state prisoner proceeding with counsel, has filed a petition for a writ

17   of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction on charges

18   of first degree murder and two counts of attempted murder with firearm use following a jury trial

19   in the Sacramento County Superior Court.  On December 20, 2002, petitioner was sentenced as

20   follows:  life without the possibility of parole, plus twenty-five years to life (count I); nine years,

21   plus twenty-five years to life (count II); and two years and four months, plus six years and eight

22   months (count III).  (Mot. to Dismiss (MTD) at 2.)  Before the court is respondents' motion to

23   dismiss the petition as including unexhausted claims.  The motion is set for hearing before the

24   undersigned on March 9, 2007.

25             Respondents argue that this action should be dismissed because two of

26   petitioner's five claims are unexhausted.  Those unexhausted claims allege ineffective assistance

1

1    of counsel.   Respondents also argue that because petitioner has a pending habeas petition before

2    the California Supreme Court, the abstention doctrine under Younger v. Harris, 401 U.S. 37

3    (1971) requires that the federal court refrain from proceeding with this action until the state post-

4    conviction review is completed.   Petitioner acknowledges that his petition before this court

5    contains two unexhausted claims which are pending review before the California Supreme Court.

6    However, petitioner argues that the motion to dismiss should be denied and that his federal

7    petition should be held in abeyance until the California Supreme Court issues its ruling on the

8    habeas petition.   Petitioner offers two arguments in support of a stay and abeyance.   First,

9    petitioner argues that filing simultaneous petitions in state and federal court is an appropriate and

10   favored procedure to avoid potential statute of limitations problems.   (Opp'n at 2.)   Second,

11   petitioner asserts that the stay and abeyance procedure was validated by the United States

12   Supreme Court in Rhines v. Weber, 544 U.S. 269, 278 (2005).   (Id.)   Petitioner argues that a stay

13   should be granted because the state and federal habeas petitions were promptly filed after counsel

14   was retained and because "the appearance of counsel is itself an unusual circumstance which

15   justifies the use of the stay and abeyance procedure."   (Id. at 3.)

16          The court agrees that in Rhines the Supreme Court confirmed the district court's

17   discretion to stay a federal habeas proceeding.   The endorsed procedure allows a petitioner to

18   present unexhausted claims to the state court where there is good cause for the petitioner's failure

19   to exhaust all claims in state court before filing a federal habeas petition.   Rhines, 544 U.S. at

20   277; see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts

21   to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United

22   States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998).   This discretion to issue a stay

23   extends to mixed petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines

24   concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to

25   return to state court to present unexhausted claims.").   The Supreme Court cautioned, however,

26   that "stay and abeyance should be available only in limited circumstances" and that a stay "is

1   only appropriate when the district court determines there is good cause for the petitioner's failure

2   to exhaust his claims first in state court." 544 U.S. at 277.  Even if a petitioner shows good

3   cause, the district court should not grant a stay if the unexhausted claims are plainly meritless.

4   Id.  Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must

5   be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.

6            Although petitioner may properly move for a stay and abeyance, the request

7   should not be made in his opposition to respondent's pending motion.  Therefore, the court will

8   order petitioner to file a motion for a stay and abeyance and set it for hearing before the

9   undersigned.  See Local Rule 78-230.  The motion must (1) show good cause for petitioner's

10  failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims

11  and demonstrate that each is potentially meritorious, (3) describe the status of state court

12  proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with

13  diligence in pursuing additional claims.  Respondents' opposition or non-opposition to

14  petitioner's motion, and petitioner's reply shall be filed in compliance with Local Rule 78-230.

15           In light of the circumstances set forth above, the hearing on respondents' motion

16  to dismiss will be vacated to be reset upon resolution of petitioner's motion for stay and abeyance

17  if necessary.

18           Accordingly, IT IS HEREBY ORDERED that:

19           1. The hearing on respondents' motion to dismiss, set for March 9, 2007 before

20  the undersigned, is vacated; and

21           2. Within sixty days from the service of this order, petitioner shall file and set for

22  hearing, his motion for a stay and abeyance which addresses the issues specified in this order.

23  /////

24  /////

25  /////

26  /////

1   Respondents' opposition or statement of non-opposition and petitioner's reply shall comply with

2   Local Rule 78-230.

3   DATED: March 2, 2007.

4

5   _____
    DALE A. DROZD
6   DAD:4                           UNITED STATES MAGISTRATE JUDGE
    wert2514.mtd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26